

ATTORNEYS AT LAW

April 28, 2014

**VIA FEDEX**

The Honorable Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *In re Bank of New York Mellon Corp. Foreign Exchange Transactions Litig.*,
             No. 12-MD-2335

Dear Judge Kaplan:

      Plaintiff Southeastern Pennsylvania Transportation Authority ("SEPTA") hereby responds to Defendant Bank of New York Mellon's ("BNYM") April 22, 2014 letter in which it objects, pursuant to paragraph 19 of Pretrial Order No. 3 (the "Confidentiality Order"), to SEPTA disclosing to its non-testifying litigation consulting expert Records Currency Management ("RCM") documents that BNYM has designated "Confidential" or "Highly Confidential" (collectively, "BNYM Confidential Information") under the Confidentiality Order. As BNYM concedes, BNYM submitted its objections to the Court before the parties entered into any substantial discussions regarding this matter.[1] For the reasons below, SEPTA respectfully submits that BNYM's objections are unfounded.

      Pursuant to the procedure in the Confidentiality Order, on April 15, 2014 SEPTA notified BNYM of its intent to provide BNYM Confidential Information to RCM thereby requiring BNYM to raise any objection to such disclosure with the Court within seven days of the notice. Despite having known since at least January 27, 2014 that RCM has been serving as a non-testifying consultant for SEPTA, BNYM delayed raising any objection with SEPTA until the eve of the deadline to present the matter to the Court. With little time to discuss this issue outside of court, SEPTA offered to immediately meet and confer so that SEPTA would not be further delayed in its ability to work with its consulting expert. The constrained situation precluded any meaningful discussions prior to BNYM stating its objections with the Court.

      The issue at hand is whether BNYM has a legitimate basis to object to the disclosure of BNYM Confidential Information to RCM. For the following reasons, it does not.

---

[1] BNYM's claim that it was compelled by SEPTA to file its letter has no merit and is of no consequence to the dispute. Paragraph 19(c) of the Confidentiality Order is clear. BNYM had seven days to present its objections to the Court if it wanted the Court to entertain them. BNYM does not explain why it waited six days to notify SEPTA of its objections leaving little time to discuss this matter before BNYM having to present the issue to the Court.

The Honorable Lewis A. Kaplan
United States District Judge
April 28, 2014
Page 2 of 3

  SEPTA does not intend to disclose the entirety of BNYM's multi-million page document production to RCM. Rather, SEPTA seeks to limits the disclosures to the BNYM Confidential Information related to BNYM's standing instruction services and BNYM's revenues and profits from those services. Unsatisfied with this limitation, BNYM further demands that SEPTA specifically identify the documents and information it seeks to disclose to RCM contending that this information is necessary to evaluate the perceived harm. This request, however, violates the protections from discovery granted by Rule 26(4)(D) to information that SEPTA's counsel shares with its trial preparation consultants. SEPTA does not believe it is obligated to waive its work product protections merely to satisfy BNYM's concerns, particularly, when BNYM's concerns are unsubstantiated.

  BNYM objects to SEPTA's limited disclosure of BNYM Confidential Information on two grounds. First, without specifying what commercial interests are at stake and how they are threatened by disclosure of BNYM Confidential Information to RCM, BNYM presumptively claims that it would suffer "significant commercial injury" from the disclosure of BNYM Confidential Information to RCM. Second, BNYM worries that because it has subpoenaed RCM on other matters, disclosure of BNYM Confidential Information may somehow distort RCM's potential testimony if a deposition were taken. To sustain its objections, BNYM must do more than say it has a concern. BNYM must "present evidence of specific damage likely to result from disclosure." *Culligan v. Yamaha Motor Corp., USA*, 110 F.R.D. 122, 125 (S.D.N.Y. 1986). Neither ground supports BNYM's objections.

  First, BNYM's claim of injury initially falls flat because it presumes that RCM would use BNYM's Confidential Information in violation of paragraph 17 of the Court's Confidentiality Order which forbids the use of BNYM Confidential Information for any purpose other than this case. It is unexplained why BNYM is convinced that RCM would violate a court order to gain some unspecified competitive advantage.

  As to the actual substance of BNYM's claim of commercial injury, BNYM has not shown that RCM is a direct competitor in the area at issue here. During an April 25th meet and confer regarding BNYM's instant objections, BNYM claimed that RCM is an "indirect competitor" in the areas of foreign exchange ("FX") execution and FX audit services and that RCM's FX consulting services run counter to BNYM's interests. Following that meet and confer, BNYM suggested that RCM was also a competitor in the area of FX execution but without elaboration. BNYM's overbroad definition of "competitor" is unreasonable because it includes nearly every individual or entity with expertise in FX execution or audit services. If BNYM's objections are sustained, SEPTA would be precluded from using *anyone* experienced in the field of FX services as a consultant or expert because they would all be competitors to BNYM. Moreover, BNYM's instant claim that RCM is a competitor is undermined by its failure to include RCM in a listing of "BNYM's Competitors" in its July 11, 2013 letter to the Plaintiffs (attached as Exhibit A).

  Further, the vast majority of the BNYM Confidential Information at issue here relates to BNYM's historical practices, not its current practices. To the extent that RCM could be

The Honorable Lewis A. Kaplan
United States District Judge
April 28, 2014
Page 3 of 3

considered a direct competitor in the area of FX exchange or audit services (which it is not), BNYM has not explained how disclosure of these historical documents regarding past FX practices would cause it competitive injury to BNYM's current FX practices. BNYM's silence leaves SEPTA unable to meaningfully consider and respond to the basis of the objection.

      Finally, BNYM's claim that RCM is a close competitor is belied by the fact that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ BNYM cannot credibly claim that it would be injured from SEPTA's disclosure of limited BNYM Confidential Information when ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ BNYM's prior willingness to share its own information with RCM suggests that BNYM's present objections are more concerned with inhibiting SEPTA's ability to develop its case than protecting BNYM from a legitimate competitive injury.

      BNYM's second ground is its worry that RCM is a potential fact witness. BNYM's objection overstates the nature of the concern. While BNYM has subpoenaed RCM (attached as Exhibit C), the subpoena was narrowly tailored to a handful of RCM documents. BNYM does not explain, and SEPTA is unable to evaluate, how RCM's potential testimony regarding these documents would somehow be shaped by granting RCM access to a limited amount of BNYM Confidential Information.[2]

      As can be seen from the above, the issues here are far from developed and are certainly not ripe for the Court's consideration notwithstanding BNYM's presenting its objections to the Court. While SEPTA believes BNYM's objections are unsustainable, the parties have agreed to further discuss this matter outside of court to develop and refine their positions. Therefore, to conserve this Court's resources, SEPTA believes that the matter should be continued so that the parties may attempt to resolve their dispute without involving the Court.

                          Very truly yours,

                          /s/ Sharan Nirmul
                          Sharan Nirmul

cc: Service External FX MDL

---

[2] To the extent that BNYM seeks to compel deposition testimony from RCM in response to the subpoena (which is speculative at this point), BNYM could easily explore what, if any, testimony is based on the BNYM Confidential Information at issue here.